USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/13/20



Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Jeffrey P. Metzler
tel: +1.212.858.1153
jeffrey.metzler@pillsburylaw.com

April 10, 2020

**MEMORANDUM ENDORSED**

Honorable Gregory H. Woods
United States District Court
Daniel Patrick Moynihan United States Conference
500 Pearl Street, Room 2260
New York, New York 10007

Re: *Doe v. NYU*, Index No. 20-cv-01343
Pre-Motion Conference Letter

Dear Judge Woods:

Pursuant to Rule 2.C. of Your Honor's Individual Rules of Practice in Civil Cases, Defendant, New York University ("NYU"), respectfully requests a pre-motion conference regarding a motion to dismiss the Complaint in the above-captioned matter. Plaintiff, John Doe, does not consent to the motion.

Plaintiff was expelled from NYU in December 2018 for sexual harassment, exploitation, stalking, and violating a no-contact directive. Comp. ¶¶ 148-49. Plaintiff alleges that NYU's review of his relationship with Jane Roe "during its Title IX process was fatally flawed," *id.* ¶ 3, and that "NYU selectively enforced its policies against [Plaintiff]," *id.* ¶ 6. The Complaint includes claims for (1) Violation of Title IX – Selective Enforcement; (2) Violation of Title IX – Erroneous Outcome; (3) State Law Promissory Estoppel; and (4) Violation of New York City Human Rights Law ("NYCHRL"). *Id.* ¶¶ 243-317. The Court should dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for the following reasons:

1. Plaintiff Fails to Plead Specific Facts that Support A Minimal Plausible Inference of Gender Bias

"[A] complaint under Title IX, alleging that the plaintiff was subjected to discrimination on account of sex in the imposition of university discipline, is sufficient with respect to the element of discriminatory intent … if it pleads specific facts that support a minimal plausible inference of such discrimination." *Doe v. Columbia Univ.*, 831 F.3d 46, 56 (2d Cir. 2016). While "[t]he plausibility standard is not akin to a 'probability requirement,' ... it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 54 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Complaint makes three allegations that purport to demonstrate NYU's "gender bias against males." Comp. ¶¶ 228-238. However, none include "specific facts that support a minimal plausible inference of [gender] discrimination." *Columbia*, 831 F.3d at 56.

First, Plaintiff alleges that "NYU was under pressure to exercise more vigilance against male respondents" because in August 2018, a female NYU student "issued a series of social

media posts claiming that NYU had failed to sanction two male students for engaging in nonconsensual sex with her." *Id.* ¶¶ 228, 229. However, in dismissing a recent Title IX claim against NYU, this Court held that *the exact same social media posting* was "insufficient to support even a minimal plausible inference of gender bias because Plaintiff does not allege that these posts were circulated to the press or that the Defendants' were aware these posts existed." *Doe v. New York Univ.*, No. 1:19-cv-00744 (ALC), 2020 WL 564264, at *10 (S.D.N.Y. Feb. 5, 2020).

Second, Plaintiff alleges that the United States Department of Education's Office for Civil Rights ("OCR") has "opened several investigations related to Title IX violations committed by NYU." *Id.* ¶¶ 236-38. But "external pressure placed on the school to conform with [OCR] guidance … is insufficient in itself to support any inference that the school's actions in a particular case were motivated at least in part by gender bias." *Doe v. Univ. of Denver*, 952 F.3d 1182, 1192 (10th Cir. 2020) (collecting cases). And unlike in *Columbia*, Plaintiff does not allege that the investigations resulted in any criticism of NYU, let alone "substantial criticism … both in the student body and in the public media, accusing the University of not taking seriously complaints of female students alleging sexual assault by male students." 831 F. 3d at 57.

Third, the Complaint alleges that "similarly situated female respondents facing allegations of sexual harassment have received more lenient sanctions than male respondents." Comp. ¶ 232. In support of this allegation, Plaintiff points to NYU's decision to suspend a female professor, Avital Ronell, for one academic year after finding her responsible for sexual harassment. *Id.* ¶¶ 233-235; *see Reitman v. Ronell*, Index No. 157658/2018 (Sup. Ct. New York County). However, Plaintiff clearly is not "similarly situated" with Ronell, a tenured faculty member whose alleged misconduct was materially different from John Doe's. *See Russell v. New York Univ.*, No. 1:15-cv-2185-GHW, 2017 WL 3049534, at *32 (S.D.N.Y. July 17, 2017), *aff'd*, 739 F. App'x 28 (2d Cir. 2018) ("A plaintiff seeking to establish an inference of discrimination" on the basis of differential treatment "must show [he] was similarly situated in all material respects to the individuals with whom [he] seeks to compare [him]self.").

Indeed, Plaintiff's selective enforcement claim fails for this reason alone because that claim requires that Plaintiff show *both* "the requisite discriminatory intent," *and* that "similarly situated female students at NYU were treated differently during investigations and disciplinary proceedings concerning sexual assault." *See Doe v. NYU*, 2020 WL 564264, at *6. Thus, even if the Complaint otherwise included plausible allegations of gender discrimination (which it does not), Plaintiff's selective enforcement claim should be dismissed because he does not and cannot truthfully allege that a female student at NYU was treated differently than Plaintiff when faced with allegations of a similar nature and severity. Similarly, Plaintiff's allegation that he attempted to file a complaint against Jane after learning of her complaint against him does not support his "selective enforcement" claim. *See Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184, 211-12 (W.D.N.Y. 2013) (rejecting proposed amendment to complaint alleging "that the University discriminated against [plaintiff] by refusing to allow him to file a 'cross-complaint' against [female complainant], which resulted in him being 'selectively prosecuted.'").

2. <u>Plaintiff Fails to Cast Articulable Doubt on The Accuracy of The Outcome of The Disciplinary Proceeding</u>

"Plaintiffs who claim that an erroneous outcome was reached must allege particular facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding. … We do not believe that Congress meant Title IX to impair the independence of

universities in disciplining students against whom the evidence of an offense, after a fair hearing, is overwhelming…." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir.1994).

Plaintiff fails to cast articulable doubt on the outcome of his hearing for two reasons. First, the small number of "procedural errors" cited in the Complaint are not errors at all. For example, the claim that the Adjudicator violated NYU's policy by enforcing Plaintiff's expulsion while his appeal was pending is contradicted by the Complaint's own description of the policy, that "*unless otherwise indicated by the Adjudicator*, the sanction will not be imposed until after the appeal process has concluded." Comp. ¶ 182 (emphasis added). Second, unlike many Title IX hearings, where the only available evidence is testimony from the complainant and respondent, the evidence against Plaintiff included videos, photographs, and hundreds of threatening and harassing text messages that Plaintiff admitted sending.[1] Indeed, in his written response to NYU's Investigation Report, Plaintiff admitted that he violated the no-contact directive because "I believed that I could fix things…. Emotions betrayed logic and I contacted her." Thus, even if, *arguendo*, Plaintiff could demonstrate that NYU committed some procedural errors, his Complaint fails to "cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding." *Yusuf*, 35 F.3d at 715.

3. <u>Plaintiff's State Law Claims Should Be Dismissed</u>

If the Court dismisses Plaintiff's Title IX claims, it should decline to exercise supplemental jurisdiction over Plaintiffs' remaining claims. *See e.g.*, *Russell*, 2017 WL 3049534, at *39–40; *see also* 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3567.3 (3rd ed. 2019).

Moreover, Plaintiffs' state law claims are without merit. Plaintiff's Promissory Estoppel claim fails because he cannot demonstrate reasonable reliance. Even if it were true that Plaintiff's advisor assured him that he would not be expelled, Plaintiff still knew that he faced serious sanctions, such as a two- or three-year suspension. Plaintiff's claim that he failed to properly defend himself at his hearing in reliance upon a statement made by an advisor before NYU had even conducted an investigation is not objectively reasonable.

Finally, Plaintiff's NYCHRL claim fails for the same reasons as his Title IX claims. *See e.g.*, *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 250 (E.D.N.Y. 2015) (holding that "naked assertions of discrimination without any specific factual allegation of a causal link between the defendants' conduct and the plaintiff's protected characteristic" are insufficient to survive motion to dismiss).

Very truly yours,

Jeffrey P. Metzler
Special Counsel

cc: Kimberly C. Lau (via CM/ECF)
James Figliozzi

Application granted. The Court will hold a pre-motion conference call on April 16, 2020 at 4:00 p.m. The parties are directed to the Court's Emergency Rules related to the COVID-19 pandemic, which are available on the Court's website, for dial-in numbers for the conference and other relevant information.
SO ORDERED.

Dated: April 13, 2020

GREGORY H. WOODS
United States District Judge

[1] The Court may consider this evidence, which was part of NYU's Investigation Report, *see, e.g.* Comp. ¶ 119, as "documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007); *accord Doe v. Trustees of Princeton Univ.*, No. 3:19-CV-07853, 2020 WL 967860, at *2 (D.N.J. Feb. 28, 2020) (citations omitted).