

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street  |  New York, NY 10019-6131  |  tel 212.858.1000  |  fax 212.858.1500

Jeffrey P. Metzler
tel: +1.212.858.1153
jeffrey.metzler@pillsburylaw.com

June 16, 2020

**VIA ECF**

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

      Re**:**   *John Doe v. New York University*; No. 20-cv-01343 (GHW)
             Joint Letter re Proposed Order (Dkt No.29)

Dear Judge Woods:

Pursuant to your Honor's Individual Rules of Practice, Plaintiff John Doe ("Plaintiff" or "John Doe") and Defendant New York University ("Defendant" or "NYU") hereby submit this joint letter immediately following the filing of Proposed Order (Dkt. No. 29) (the "Proposed Order").

    **A.**  **The Proposed Order**

On May 1, 2020, this Court granted Plaintiff's unopposed Motion for Leave to Proceed under a Pseudonym (Dkt. Nos. 4-5), and entered a Text Only Order on the docket (Dkt. No. 19) (the "Pseudonym Order").  To effectuate the Pseudonym Order and thereby maintain the confidentiality of Plaintiff and the complainant in the disciplinary action initiated by NYU ("Jane Roe"),[1] the parties request the procedural permissions set forth in the Proposed Order.

---

[1] While use of the Jane Roe pseudonym is not expressly granted in the Pseudonym Order, Plaintiff's complaint refers to the complainant as Jane Roe, and revelation of her identity would implicitly reveal the identity of Plaintiff.

Honorable Gregory H. Woods
June 16, 2020
Page 2

First, the parties request express permission to redact the names and likenesses of Plaintiff, Jane Roe, the witnesses and other New York University students involved in the disciplinary proceeding brought against Plaintiff, and any other personally-identifying information related to Plaintiff or Jane Roe.

Second, to facilitate this Court's review of the materials, the parties request permission to file unredacted versions of all redacted papers under seal through the Case Management/Electronic Case Files System ("CM/ECF"). In order to upload sealed files via CM/ECF, the parties must attach an Order permitting the use of this feature.

Third, the parties request permission to file materials that cannot be redacted but reveal the names and/or likenesses of the individuals referenced above, such as audio and video files, under seal. The Court previously directed Defendant to mail such files via compact disc to the attention of the Courtroom Deputy, Anthony Daniels.

### B. Legal Authority

This Court has the legal authority to approve the redaction and sealing of court files where it is narrowly tailored to serve whatever purpose satisfies the redaction and is otherwise consistent with the presumption in favor of public access to judicial documents. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006); Judge Woods's Individual Rules 4(A)(ii). The presumption in favor of public access may be overcome where "countervailing factors" in the common law framework or "higher values" in the First Amendment framework so demand. Lugosch, 435 F.3d at 124.

Here, the Proposed Order is narrowly tailored because it seeks only the redactions and sealing required to permit the parties to comply with the Pseudonym Order. Unlike Brown v. Maxwell, 929 F.3d 41, 46 (2d Cir. 2019), the Proposed Order here does not "effectively cede[] control of the sealing process to the parties themselves," but provides narrow authority to comply with a previous Order issued by this Court.

With respect to the presumption in favor of public access, in granting the Pseudonym Order, your Honor "considered the application of the factors identified by the Second Circuit in Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008), to the facts of this case as set forth by Plaintiff in his motion." Pseudonym Order (Dkt. No 19). Those factors included the highly sensitive and personal matters at issue; the risk of harm posed by identification; the absence of prejudice; and the minimal public interest at stake (Dkt. No. 5). The grounds for the Pseudonym Order thus satisfy the "countervailing factors" and "higher values" that overcome the presumption of access.

See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 110-20 (2d Cir. 2006) (countervailing factors include "the privacy interests of those resisting disclosure"); Doe v. Syracuse Univ., No. 517CV787TJMATB, 2020 WL 2079513, at *18 (N.D.N.Y. Apr. 30, 2020) ("the Court agrees that protecting the identity of … those involved in sexual misconduct allegations represents a "higher value").

The parties respectfully request that the Proposed Order, which is submitted on consent and jointly by both parties, be granted so that they may file materials in this action in compliance with the Pseudonym Order.

Respectfully,

Jeffrey Metzler
*Counsel for Defendant*

Kimberly C. Lau
James Figliozzi
*Counsel for Plaintiff*