

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street  |  New York, NY 10019-6131  |  tel 212.858.1000  |  fax 212.858.1500

Jeffrey P. Metzler
tel: +1.212.858.1153
jeffrey.metzler@pillsburylaw.com

June 22, 2020

**VIA ECF**

Honorable Gregory H. Woods
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

      Re**:**    *John Doe v. New York University*; No. 20-cv-01343 (GHW)
               Letter Motion Pursuant to Rule 4(A)(ii) of the Court's Individual Rules
               for Leave to File Redacted and Sealed Exhibits on Motion to Dismiss

Dear Judge Woods:

We write on behalf of Defendant New York University ("Defendant" or "NYU") in the above-captioned matter pursuant to Rule 4(A)(ii) of Your Honor's Individual Rules of Practice. Defendant respectfully requests approval (a) to redact the names of students from exhibits to Defendant's Motion to Dismiss the Amended Complaint (the "MTD"); and (b) in the limited circumstances where it is not technologically feasible to redact a student's identity from an exhibit, such as with video and audio recordings, to file the exhibit under seal.

Concurrent with the filing of his Complaint, Plaintiff filed a Motion to Proceed Under Pseudonym (the "Pseudonym Motion"). See Dkt. # 4. Plaintiff's pleadings recognize the confidentiality interest of the Plaintiff, Jane Roe, the complainant in Plaintiff's sexual misconduct proceedings, and other students involved in the proceedings ("Identified Individuals"). See Dkt. ## 1, 27 at n.2. Defendant did not oppose the Pseudonym Motion.

Honorable Gregory H. Woods
June 22, 2020
Page 2

On May 1, 2020, this Court applied the factors in Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008) to the facts of this case and granted the Pseudonym Motion (the "Pseudonym Order"). See Dkt. # 19.

Defendant's MTD includes several exhibits that are integral to the Amended Complaint and contain the names and/or likenesses of Identified Individuals. Defendant seeks leave to redact the names and likenesses of Identified Individuals from the filed copies of the following exhibits:

- **Exhibit B**: Investigation Summary Report ("ISR"), dated October 23, 2018;
- **Exhibit D**: Hearing Decision, dated December 2018;
- **Exhibit E**: Plaintiff's Appeal Statement, dated January 2019; and
- **Exhibit F:** Appeal Decision, dated February 2019.

Defendant also seeks leave to file under seal audio and video files that were attached to the ISR, see Exhibit B, Attachment B, and the audio recording of Plaintiff's hearing, Exhibit C.[1] These files contain the names, voices, and/or likenesses of Identified Individuals, but because of the medium, cannot be redacted. NYU's request therefore is consistent with the requirement that "any redaction or sealing of a court filing must be narrowly tailored to serve" the purpose of the Pseudonym Order – *i.e.*, to maintain the confidentiality of Identified Individuals – while "otherwise consistent with the presumption in favor of public access to judicial documents." See Individual Rules of Practice in Civil Cases, Rule 4(A)(ii) (citing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006)).

Plaintiff consents to this Request.

Respectfully,

Jeffrey Metzler
*Counsel for Defendant*

cc:   Kimberly C. Lau and James Figliozzi (via CM/ECF)

---

[1] This Court previously directed Defendant to mail such files via compact disc ("CD") to the attention of the Courtroom Deputy, Anthony Daniels. See May 7, 2020 Email Sent by the Chambers of Hon. Gregory H. Woods to Counsel for Both Parties.