# Exhibit F

February 26, 2019

**Sexual Misconduct Appeals Panel Decision on the matter of Ms. ▓▓▓▓▓▓▓ (Complainant) & Mr. ▓▓▓▓▓▓▓ (Respondent)**

▓▓▓▓▓▓▓ (Respondent) submitted an appeal to the Office of Community Standards & Student Conduct in response to the decision rendered after a University Sexual Misconduct Hearing that took place on December 10, 2018.  In the decision, the Hearing Adjudicator determined, based on a preponderance of the evidence standard, that Mr. ▓▓▓▓▓▓▓ (Respondent) violated the University's Sexual Misconduct, Relationship Violence and Stalking Policy (the "Policy") by engaging in sexual exploitation, sexual harassment, and stalking.  In accordance with the appeal process outlined in the procedures entitled "Reporting, Investigating and Resolving Sexual Misconduct, Relationship Violence and Stalking – Complaints Against Students", the Sexual Misconduct Appeals Panel was convened. The Appeals Panel, composed of Christopher Bledsoe, Thomas Ellett, and Leah Lattimore met on Tuesday, February 26, 2019, to review the Respondent's appeal. The Respondent appeals on the grounds that (1) there were material procedural errors in the investigative process, (2) previously unavailable relevant information exists that could affect the outcome, and (3) the sanction that was imposed is substantially disproportionate to the violation.

After a careful review of the hearing report, the investigative report, the hearing audio, and the Complainant's and Respondent's respective appeal statements, the Appeals Panel does not find that any material procedural errors occurred, that the Respondent has presented previously unavailable relevant information that could affect the outcome, or that the imposed sanction was substantially disproportionate to the violation for the reasons stated below.

The first issue is the Respondent's assertion that the statements, messages, and documents he has submitted on appeal were not accessible to him because he was studying in Sydney, Australia during the investigation. The Appeals Panel does not find that any of this evidence constitutes new information that was previously unavailable to the Respondent.  There is no basis to find that the Respondent was incapable of collecting and/or directing the investigators toward this evidence during the investigation.  The Appeals Panel also does not find that this evidence could have affected the outcome of the hearing in light of the overwhelming evidence supporting the Adjudicator's decision.  Additionally, much of the Respondent's commentary focuses on the Respondent's differing opinion of the appropriate assessment of the evidence that was before the Adjudicator, which is not within the scope of the Appeals Panel's review.

The Respondent also asserts that there were several procedural errors in connection with the investigation and hearing. First, the Panel does not find that the Adjudicator inappropriately exercised his discretion in restricting the Respondent from discussing information regarding a 2016 alleged incident of sexual assault involving the Complainant. While it is questionable whether the Respondent's challenge to the applicability of the Policy presents a potential procedural error, the Panel notes that there is no question the conduct found to have occurred in this matter meets the definitions of conduct prohibited under the Policy. Moreover, although couched as procedural errors, the Respondent repeatedly challenges the assessment of the evidence by the Adjudicator, which do not constitute procedural errors and thus do not fall within the scope of the Appeals Panel's review. With respect to Respondent's challenges to the investigation, there is no procedural requirement that a respondent be shown all evidence prior to being interviewed nor is there a requirement that a complainant be re-interviewed following the complainant's interview.  Instead, both parties (Respondent and Complainant) are given an opportunity to review the draft report and

provide comments to the Title IX investigators, which is what occurred in this case. In response to the complaint raised by the Respondent regarding the length of the disciplinary proceedings, the timeframes in the Policy are presented as general guidelines and the length of the investigation did not prejudice or provide an advantage to one party or the other. Notably, this matter involved multiple instances of violations occurring over a long period of time; accordingly, the Panel does not find that length of the investigation constitutes a material procedural error.

The final ground for appeal raised by the Respondent is that the sanction imposed is substantially disproportionate to the violation. Given the extensive findings by the Adjudicator as well as the long standing pervasive nature of Respondent's conduct, the Respondent's repeated and blatant violation of the no contact directive, and the impact on the Complainant, the Appeals Panel finds that the sanction of expulsion is more than appropriate.

Respectfully submitted,

Christopher Bledsoe
Thomas Ellett
Leah Lattimore