

Warshaw Burstein, LLP  
575 Lexington Avenue  
New York, NY  10022  
(212) 984-7700

James E. Figliozzi  
Counsel  
(212) 984-7792  
jfigliozzi@wbny.com

June 4, 2021

Honorable Gregory H. Woods  
United States District Court  
Southern District of New York  
500 Pearl Street, Room 2260  
New York, New York 10007

Re: *Doe v. New York University*, 1:20-cv-01343-GHW

Dear Judge Woods:

Pursuant to Your Honor's April 26, 2021 Order, Plaintiff John Doe and Defendant New York University ("NYU") hereby submit this joint letter.

**1. Brief Statement of the Case, Principal Claims and Defenses, and Major Legal and Factual Issues**

**a. Plaintiff**

During the breakdown of their two and-a-half-year long toxic relationship, Plaintiff's ex-girlfriend, Jane Doe, a fellow NYU student, falsely accused him of sexual misconduct, harassment, and stalking. NYU engaged in a biased investigation of Jane's untrue allegations and enforced its own polices in a one-sided fashion that favored the female student. Despite a lack of evidence to support Jane's claims and evidence provided by Plaintiff proving that Jane's claims were false, NYU found Plaintiff responsible for violating NYU's Title IX policies and expelled him, contrary to the express promise of his NYU-appointed and NYU-employed advisor. NYU also promised Plaintiff that he would be able to file a Title IX complaint against Jane once the disciplinary process against him was complete. However, when Plaintiff sought to file a Title IX claim against Jane for well-documented acts of sexual harassment and physical assault she perpetrated against him, NYU ignored the evidence and refused to investigate or even accept his complaint, instead noting that the matter is considered closed and will not be reopened.

Plaintiff asserts four (4) causes of action against NYU:

{1351811.1 }

I.      Violation of Title IX of the Education Amendments of 1972 – Selective Enforcement

Plaintiff and his female accuser were similarly situated students – both were undergraduate students at the same school, under the same student policies, who were reported to have committed Title IX violations against each other. Yet, NYU treated the Jane more favorably than Plaintiff at all stages of the disciplinary process. Most egregiously, NYU failed to enforce its Title IX policies against Jane even though Plaintiff provided evidence that she had committed serious violations against him. Additionally, when Plaintiff tried to initiate a complaint against Jane, NYU improperly refused to investigate his allegations. Gender bias was a motivating factor behind NYU's actions. Prior to the facts giving rise to this litigation, NYU adopted a policy of bias favoring female students over male students in order to avoid liability and bad publicity.

II.     Violation of Title IX of the Education Amendments of 1972 – Erroneous Outcome

NYU engaged in a biased disciplinary process rife with evidentiary and procedural errors at the investigation, hearing, and appeal levels. There were numerous procedural flaws in NYU's Title IX process, including, but not limited to, the unexplained expansion of allegations against Plaintiff without proper notice; the improper use of character evidence; the misapplication of NYU's sexual harassment policy; the inappropriate exercise of jurisdiction; the misapplication of NYU's sexual exploitation policy; the misapplication of NYU's stalking policy; the failure to apply NYU's "reasonableness" standard; and the failure to enforce NYU's sanction policy. NYU's egregious mishandling of the disciplinary process was in violation of Title IX and led to an erroneous outcome. Gender bias was a motivating factor behind NYU's actions. Prior to the facts giving rise to this litigation, NYU adopted a policy of bias favoring female students over male students in order to avoid liability and bad publicity.

III.    Promissory Estoppel

Plaintiff's advisor, an NYU employee with significant experience related to NYU's Title IX process, expressly promised Plaintiff that he would not be expelled if he were found responsible following NYU's investigation. In fact, the advisor told Plaintiff that expulsion only occurs when a matter involves rape or a weapon, circumstances that were notably absent from Plaintiff's case. Plaintiff's reasonable reliance on this promise led to the preparation of an inadequate defense and, ultimately, Plaintiff's expulsion from NYU.

NYU's Title IX policy contains unambiguous representations and promises that NYU should have reasonably expected to induce action or forbearance on the part of Plaintiff. NYU expected or should have expected Plaintiff to accept its offer of admission and choose not to attend other universities based on the express and implied promises detailed in the Complaint, including, but not limited to, the opportunity to attain his educational objectives; to have his health, safety, welfare, and human rights protected; to have any claims brought against him under the Title IX policies and procedures be heard by an impartial and objective adjudicator; to be free from discrimination; and to have complaints resolved impartially and promptly. Plaintiff reasonably and foreseeably relied on

{1351811.1 }

these clear promises and representations made by NYU to his detriment, culminating in his improper expulsion from NYU.

IV.     Violation of New York City Human Rights Law

NYU impermissibly discriminated against Plaintiff based on his gender in violation of the New York City Human Rights Law ("NYCHRL") (N.Y. City Administrative Code §§ 8-101, et seq.).  NYU's discriminatory actions impacted Plaintiff's major life activities and have caused him physical and psychological harm.

  **b. Defendant**

Statement of the Case

In April 2018, Jane Roe filed a complaint with Defendant, New York University ("NYU"), under NYU's Sexual Misconduct, Relationship Violence and Stalking Policy (the "Policy").  Jane alleged that Plaintiff, John Doe, committed sexual assault, sexual harassment, sexual exploitation, and stalking under the Policy.  NYU issued a no-contact directive to both Plaintiff and Jane and initiated a formal investigation.

After collecting documents and interviewing Plaintiff, Jane, and other witnesses, NYU's Investigator prepared a draft Investigation Summary Report (ISR).  The draft ISR was sent to Plaintiff and Jane, both of whom submitted written responses that were included in the final ISR.

NYU conducted a nine-hour hearing with a single Adjudicator that included testimony from the Investigator, Jane Roe, John Doe and two witnesses (the "Hearing").  Plaintiff admitted, among other things, that he intended Jane to perceive some of his text messages to be threats and that he had contacted Jane on multiple occasions after NYU issued the no-contact directive.  Based on the totality of the evidence presented, the Adjudicator found Plaintiff responsible for sexual harassment, exploitation, and stalking, and for violating the no-contact directive.  The Adjudicator imposed the sanction of expulsion.

Plaintiff appealed the Hearing Decision, alleging new evidence, procedural error, and disproportionate punishment.  Plaintiff does not allege in his appeal that he had difficulty fully participating in the Hearing or that he incorrectly answered questions during the Hearing.  On March 8, 2019, NYU's Appeal Panel affirmed the Adjudicator's decision, holding that (1) "[t]here is no basis to find that the Respondent was incapable of collecting and/or directing the investigators toward this evidence during the investigation;" (2) no material procedural errors occurred; and (3) "the sanction of expulsion is more than appropriate."

Principal Claims and Defenses / Major Legal and Factual Issues

    A. Title IX

Plaintiff alleges that NYU violated Title IX of the Education Amendments of 1972 under both an erroneous outcome and selective enforcement theory.

Plaintiff's erroneous outcome claim fails principally because there is overwhelming evidence that he violated the Policy. The evidence presented at the Hearing included hundreds of text messages, photographs, and videos of Plaintiff, as well as Plaintiff's own admissions to NYU's Investigator, in his written response to the ISR, and at the Hearing. Moreover, Plaintiff cannot demonstrate that NYU's Title IX process was unfair or procedurally flawed in any meaningful way. As the Second Circuit has explained, Congress did not intend for "Title IX to impair the independence of universities in disciplining students against whom the evidence of an offense, after a fair hearing, is overwhelming." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir.1994).

Plaintiff's selective enforcement claim fails because NYU has not treated a similarly situated female student differently. Jane's circumstances do not bear a reasonably close resemblance to Plaintiff's. The timing, manner, and nature of John's allegations against Jane are substantially different than the complaint Jane filed against John.

Furthermore, Plaintiff's Title IX claim cannot succeed under either an erroneous outcome or selective enforcement theory because he cannot demonstrate that NYU's decision was motivated by gender bias. While the Complaint may have included allegations sufficient to raise the "minimally plausible inference of gender bias" necessary to survive a motion to dismiss, there is no actual evidence that NYU's disciplinary process was motivated by anything other than an objective assessment of the evidence and an effort to faithfully implement the Policy.

    B. Promissory Estoppel

Plaintiff's promissory estoppel claim is based on his allegation that Allen McFarlane, the NYU administrator assigned to be Plaintiff's facilitator during the Title IX process, told Plaintiff that he would not be expelled and that the worst-case scenario would be a one-semester suspension. However, McFarlane made no such promises and the evidence will show that insofar as Plaintiff prepared an inadequate defense in reliance on statements made by McFarlane, such reliance was objectively unreasonable.

    C. New York City Human Rights Law

Plaintiff's claim under the New York City Human Rights Law ("NYCHRL") fails for the same reasons as his Title IX claims – *i.e.*, Plaintiff cannot demonstrate that NYU's disciplinary decision was motivated by gender bias or that he was treated less well than a similarly situated female student.

2. **Basis for Subject Matter Jurisdiction and Venue**

This Court has federal question and supplemental jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 because: (i) the claims herein arise under federal law and (ii) the state law claims are so closely related to the federal law claims as to form the same case or controversy under Article III of the U.S. Constitution. Venue in the Southern District of New York is appropriate because a substantial part of the events giving rise to the claim occurred in this district.

3. **Contemplated Motions**

   a. **Plaintiff**

At this time, Plaintiff is not contemplating any motions. However, at the completion of discovery, Plaintiff may wish to file a Motion for Summary Judgment.

   b. **Defendant**

Defendant anticipates filing a Motion for Summary Judgment at the completion of fact discovery.

4. **Discovery that Has Already Taken Place and Likely Admissible Discovery**

The parties have exchanged Rule 26 Initial Disclosures and are prepared to serve initial discovery demands promptly following the Initial Conference. The parties have had productive discussions regarding potential discovery to be exchanged in the future.

   a. **Plaintiff**

Plaintiff will seek the following discovery that will likely be admissible – documents and communications related to the Title IX process that NYU initiated against Plaintiff; documents and communications related to Plaintiff's attempt to file a Title IX complaint against Jane Doe; documents and communications related to NYU's Title IX policies and procedures; documents and communications related to NYU's Title IX training; documents, communications, and/or information related to other Title IX processes conducted by NYU; depositions of NYU faculty, staff, and administrators identified in the Complaint; and depositions of non-party student witnesses involved in the Title IX process NYU initiated against Plaintiff.

   b. **Defendant**

Defendant will seek discovery concerning Plaintiff's (i) interactions with Jane Roe; (ii) participation in NYU's investigation and adjudication of Jane's complaint; (iii) alleged attempt(s) to file a Title IX complaint against Jane Roe; and (iv) alleged damages. Defendant also will seek discovery concerning the alleged interactions between Plaintiff's parents and representatives of

NYU. Defendant will seek depositions of Plaintiff, his parents, and witnesses relevant to damages, such as treating physicians.

### 5. Computation of Damages

Plaintiff has sustained the following damages as a result of the actions detailed in the Complaint:

(a) Emotional Distress – To be determined.
(b) Psychological Damages – To be determined.
(c) Monetary Damages – Approximately $71,000 (approximately $6,000 in tuition paid to NYU; approximately $1,000 in transfer and application fees; approximately $30,000 in excess tuition paid to transfer institution; approximately $33,000 in housing costs associated with transfer; approximately $1,000 in commuting costs associated with transfer)
(d) Medical Costs and Expenses – Approximately $2,655 (to date)
(e) Attorneys' Fees – Approximately $120,000 (to date)
(f) Reputational Damages – To be determined.
(g) Occupational Damages – To be determined.

Plaintiff further asserts that he is entitled to punitive damages in the amount of $10,000,000.

### 6. Status of Settlement Discussion

The parties have discussed settlement prospects and do not believe that additional settlement discussions would be productive at this time.

### 7. Other Considerations – Civil Case Management Plan and Scheduling Order

Counsel for Plaintiff are currently engaged in a matter in South Carolina that will be going to trial later this year. This trial is expected to take at least one week, if not longer. No definitive trial date has been set, but at a recent conference, the judge handling that matter indicated that the trial would be taking place at some point in the fall. For this reason, Plaintiff respectfully requests that the Court consider the extended dates for completion of discovery included in the proposed Civil Case Management Plan and Scheduling Order. Defendant does not object to the proposed discovery dates.

Your Honor's attention to this matter is greatly appreciated.

Respectfully submitted,

/s/ James E. Figliozzi                                  /s/ Jeffrey P. Metzler
James E. Figliozzi                                      Jeffrey P. Metzler
Kimberly C. Lau                                         Joseph Jean
*Counsel for Plaintiff*                                 *Counsel for Defendant*

{1351811.1 }