```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/9/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

                                      Plaintiff,

        v.

NEW YORK UNIVERSITY                    Civil Action No.: 1:20-cv-01343(GHW)

                                      Defendant.

## STIPULATION AND ORDER
## GOVERNING THE PRODUCTION AND USE OF EDUCATION RECORDS

The parties have advised the Court that pretrial discovery, pretrial motions and, if necessary, trial of this action will involve students' education records (hereinafter referred to as "Confidential Student Records") that are subject to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"), and its implementing regulations, 34 C.F.R. §§ 99.1 et seq. The Parties accordingly have jointly requested that the Court enter this Stipulation and Order governing the production and use of Confidential Student Records subject to FERPA in this action.

Therefore, upon application of the parties and good cause having been shown, it is hereby **ORDERED** as follows:

    1.    Pursuant to 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. §§ 99.31(a)(9)(i), in response to discovery requests or as otherwise necessary for use in this action through and including trial, Defendant New York University (hereinafter referred to as "Defendant" or the "University") or its representatives are permitted to disclose Confidential Student Records protected by FERPA.

    2.    Prior to disclosure of any Confidential Student Records protected by FERPA, the University shall make reasonable effort to provide notification of any request for the

disclosure of Confidential Student Records to any student whose records are to be disclosed in advance of disclosure so that the eligible student may seek protective action pursuant to 34 C.F.R. §§ 99.31(a)(9)(ii) if they choose to do so.

3. Within five (5) days of the Court's approval of this Stipulation and Order, the University shall notify the student identified as Jane Roe in Plaintiff's Amended Complaint that a request for the disclosure of her Confidential Student Records has been made by sending the letter attached hereto as Exhibit A (the "FERPA Notification Letter") to Jane Roe's last known email address. If Jane Roe does not inform the University within ten (10) business days that she intends to seek an order preventing disclosure, the University shall produce her Confidential Student Records to Plaintiff's counsel.

4. Plaintiff may request in writing that the University produce certain additional Confidential Student Records without redaction of personally identifying information ("Requested Unredacted Records"). If the parties agree that Plaintiff's need for the records in unredacted form sufficiently outweighs the privacy interest of the current or former student(s) to whom the Requested Unredacted Records relate, then:

   a. The University shall send the FERPA Notification Letter to the last known email address of such student within five (5) days of the University's receipt of any such request;

   b. The FERPA Notification Letter shall provide the recipient with a period of ten (10) business days following receipt thereof to inform the University whether recipient intends to seek an order preventing the University from disclosing the records;

   c. If any student sent a letter pursuant to Paragraph 4.a. does not inform the University within ten (10) business days that the student intends to seek an order preventing disclosure, the University shall produce the Requested Unredacted

Records to Plaintiff's counsel.

5. If the parties disagree that Plaintiff's need for the Requested Unredacted Records sufficiently outweighs the privacy interest of the current or former student(s) to whom the Requested Unredacted Records relate, then the parties shall follow the procedures set forth in Local Civil Rule 37.2, as modified by Section 2(C)(ii) of the Court's Individual Rules of Practice in Civil Cases.

6. The Confidential Student Records disclosed pursuant to this Stipulation and Order shall be deemed Confidential for purposes of the Standing Protective Order dated August 27, 2021, and shall be used only for purposes of this litigation; disclosed only to the minimum extent necessary for this litigation and for the litigation purposes of the disclosure.

7. With respect to any Confidential Student Records that are contained in any deposition transcript or exhibit, a notice shall be placed on the transcript itself and on any exhibits containing Confidential Student Records annexed thereto that the exhibit or transcript contains Confidential Student Records subject to this Stipulation and Order.

8. In the event that any documents embodying Confidential Student Records are filed with the Court, such documents shall be filed and maintained in accordance with the Standing Protective Order in this case. Any party seeking to file Confidential Student Records shall comply with Rule 4 of this Court's Individual Rules of Practice in Civil Cases including the requirement to meet and confer with any opposing parties (or third parties seeking confidential treatment of the information) in advance of filing the Confidential Student Information to narrow the scope of the request to file sealed or unredacted materials. The party seeking to use such Confidential Student Information is responsible for ensuring that any Personally Identifiable Information as defined by 20 U.S.C. § 1232g is properly redacted.

9. This Stipulation and Order, insofar as it restricts the disclosure of Confidential

Student Records, shall continue to be binding throughout and after the conclusion of this action, including any appeals. Within ninety (90) days of final resolution of this action, including appeals, all parties and counsel shall destroy all materials produced and designated as Confidential Student Records and all copies abstracts, and digests thereof in whatever form stored or reproduced other than copies constituting or containing attorney work product.

10. A failure by any party or its counsel to designate materials as Confidential Student Records prior to production, shall not constitute a waiver of the party's right to later designate such materials as Confidential Student Records pursuant to this Stipulation and Order. If any materials not initially designated as Confidential Student Records have been disclosed beyond the parameters allowed in this Stipulation and Order, the party or the counsel who made the disclosure shall take reasonable action to recover the document(s) and shall advise any person to whom the document was disclosed that the document is subject to this Stipulation and Order.

_____
Jeffrey P. Metzler
jeffrey.metzler@pillsburylaw.com
Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street
New York, NY 10019-6131
Phone: +1.212.858.1153
Attorneys for Defendant

_____
Kimberly C. Lau
James E. Figliozzi
klau@whny.com
jfigliozzi@whny.com
Warshaw Burstein, LLP
575 Lexington Avenue
New York, NY 10022
Phone: +1.212.984.7700
Attorneys for Plaintiff

**EXHIBIT A**

[DATE]

[NAME]
[LAST KNOWN ADDRESS]

Dear [NAME]:

A former New York University student has filed a lawsuit in the United States District Court for the Southern District of New York (*John Doe v. New York University*, No. 1:20-cv-01343 [GHW]) and has asked for student records pertaining to your participation in a misconduct complaint against him.

Before such records may be disclosed to plaintiff, in compliance with Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, you have the right to be notified of the possible disclosure of the records and to object if you desire. If you take no action, the attached protective order, which was issued by the Court that is hearing the lawsuit, will govern the confidentiality of the records that relate to you. If you do object, the matter may be brought to the attention of the Court, which will decide whether the records should be disclosed.

I am writing to inform you of this, so that you have an opportunity to seek an order preventing New York University from disclosing records that relate to you. If you choose to seek such an order, please contact me at the address or telephone number above before 5:00 p.m. on [DATE – within ten (10) business days of the date of the letter], and New York University will wait to disclose the records until the Court has ruled on your request.

Sincerely,

      This matter having come before the Court upon the Stipulation of the parties hereto and the Court having reviewed the Stipulation of the parties and being fully advised, it is hereby Ordered that the terms of the Stipulation set forth above is hereby entered as an Order of this Court.

SO ORDERED.

Dated: September 9, 2021
New York, New York

                                            GREGORY H. WOODS
                                            United States District Judge