```
UNITED STATES DISTRICT COURT                                    USDC SDNY
SOUTHERN DISTRICT OF NEW YORK                                   DOCUMENT
------------------------------------------------------------X   ELECTRONICALLY FILED
                                            :                   DOC #: _____
                                            :                   DATE FILED:
                        Plaintiff(s),       :
                                            :                       1:    -cv-    -GHW
            -against -                      :
                                            :                   CIVIL CASE MANAGEMENT
                                            :                   PLAN AND SCHEDULING
                                            :                          ORDER
                        Defendant(s).       :
                                            :
------------------------------------------------------------X
```

GREGORY H. WOODS, United States District Judge:

    This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties [consent _____ / do not consent _____] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. Instead, the parties should submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.]

2.     The parties [have _____ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.     Alternative Dispute Resolution/Settlement

    a.     Settlement discussions [have _____ / have not _____] taken place.

    b.     Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:

        _____
        _____
        _____

    c.     Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

        _____
        _____
        _____

       d.      Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 3(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
                _____
                _____

       e.      The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

4.      Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be filed within _____ days from the date of this Order.  [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

5.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than _____ days from the date of this Order.  [*Absent exceptional circumstances, within 14 days of the parties' conference pursuant to Rule 26(f).*]

6.      [*If applicable*]  The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than _____. [*Absent exceptional circumstances, a date not more than 10 days following the initial pretrial conference.*]

7.      Fact Discovery

       a.      All fact discovery shall be completed no later than _____. [*A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

       b.      Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by _____.

       c.      Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by _____.  No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

       d.      Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than thirty (30) days before the close of discovery.  No other interrogatories are permitted without prior express permission of the Court.

       e.      Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by _____.

       f.      Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by _____.  [*Absent exceptional circumstances, a date not less than 30 days prior to the date set forth in paragraph 7(a).*]

      g.    Any of the deadlines in paragraphs 7(b), (c), (e), and (f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(a).

8. Expert Discovery

    a.    Anticipated types of experts, if any:

    _____
    _____
    _____

    b.    All expert discovery shall be completed no later than _____. *[Absent exceptional circumstances, a date 45 days from the date set forth in paragraph 7(a). <u>Omit</u> unless types of experts are identified.]*

    c.    Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by _____. *[Absent exceptional circumstances, the date set forth in paragraph 7(a).]* Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by _____. *[Absent exceptional circumstances, a date two weeks following the preceding date.]*

    d.    No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures without the Court's express prior leave, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit set forth for expert discovery in paragraph 8(b).

9. All counsel must confer to discuss settlement within 14 days following the close of fact discovery.

10. Motions for summary judgment, if any, shall be filed no later than _____. *[Absent exceptional circumstances, 30 days from the date in paragraph 8(b) (i.e., the completion of discovery).]* Pursuant to the authority of Fed. R. Civ. P. 16(c)(2) and the Court's Individual Rule 2(C), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within one week after the close of discovery. The parties should review the Court's Individual Rule 2(C) for further details on the submission of, and responses to, pre-motion letters. In cases where the Court sets a post-discovery status conference, the parties may request that the previously scheduled conference also serve as the pre-motion conference.

11. The joint pretrial order shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 21 days from the Court's decision on such motion. The filing of the joint pretrial order and additional submissions shall be governed by Fed. R. Civ. P. 26(a)(3) and the Court's Individual Rule 5.

12. The parties expect that this case [is _____ / is not _____] to be tried to a jury.

13. Counsel for the parties have conferred and their present best estimate of the length of trial is _____.

14. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
    _____
    _____
    _____

Counsel for the Parties:

_____        _____

_____        _____

[*TO BE COMPLETED BY THE COURT:*]

The Court will hold a status conference on _____. A joint letter updating the Court on the status of the case shall be filed on ECF by _____. The letter should include the following information in separate paragraphs:

(1) all existing deadlines, due dates, and/or cut-off dates;

(2) a brief description of any outstanding motions;

(3) a brief description of the status of discovery and of any additional discovery that remains to be completed;

(4) the status of settlement discussions;

(5) the anticipated length of trial and whether the case is to be tried to a jury;

(6) whether the parties anticipate filing motions for summary judgment; and

(7) any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 7(g)) shall be made in a written application in accordance with the Court's Individual Rule 1(E) and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

SO ORDERED.

Dated:                                                    _____
New York, New York                                              GREGORY H. WOODS
                                                            United States District Judge