# Figliozzi, James E.

| | |
|---|---|
| **From:** | Figliozzi, James E. |
| **Sent:** | Friday, February 25, 2022 1:40 PM |
| **To:** | Pettit, Melissa; Lau, Kimberly |
| **Cc:** | Metzler, Jeffrey P.; Winograd, Max A. |
| **Subject:** | RE: Plaintiff's Second Set of Interrogatories |
| **Importance:** | High |
| **Follow Up Flag:** | Copied to Worldox (Client Files\101483\0001\1450465.MSG) |

Hi Melissa,

While we disagree with many of the contentions raised in your email, Plaintiff is willing, as a compromise, to limit his request to the gender information for the complainant and respondents in the following cases listed in NYU_00037023 and NYU_00037024:

1. C.0002993
2. C.0002948
3. C.0003241
4. C.0005183
5. C.0004628
6. C.0003531
7. C.0004490
8. C.0004526
9. C.0004529
10. C.0004533
11. C.0004724
12. C.0005110
13. C.0005136
14. C.0005182
15. C.0005206
16. C.0004479
17. C.0003525
18. C.0003527
19. C.0003526

Plaintiff believes that this limited request will address NYU's concerns regarding the potential burden associated with providing gender data for every case listed in the spreadsheets identified in Plaintiff's Second Set of Interrogatories. Given your estimate of 60 hours to provide the gender information for the thousands of entries in the spreadsheets listed in Plaintiff's Second Set of Interrogatories, providing the gender information for the 19 cases listed above should take less than 1 hour.

Additionally, Plaintiff is seeking production of the Investigation Summary Reports, Hearing Decisions, and Appeal Decisions (where applicable) from the case files associated with the following cases in NYU_00037051, which are responsive to Plaintiff's First Request for the Production of Documents Request Numbers 7-11 and relevant to Plaintiff's selective enforcement claim:

1. Line 4 of "Complete List" date reported 12/2/2015

2. Line 14 of "Complete List" date reported 3/7/2016
3. Line 33 of "Complete List" date reported 3/31/2017
4. Line 57 of "Complete List" date referred to OSC 9/24/2019
5. Line 64 of "Complete List" date referred to OSC 11/25/2019
6. Line 74 of "Complete List" date referred to OSC 4/27/2020
7. Line 2 of "Academic Year 2017 – 2018" date reported 5/9/2017
8. Line 3 of "Academic Year 2018 – 2019" date reported 12/18/2017

Under a theory of selective enforcement, Plaintiff must prove that "regardless of [his] guilt or innocence, the severity of the penalty and/or the decision to initiate the proceeding was affected by [his] gender." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994).  This requires a showing that a female student in circumstances sufficiently similar to Plaintiff was treated more favorably by NYU. *Yu v. Vassar Coll.*, 97 F. Supp. 3d 448, 480 (S.D.N.Y. 2015).

Determining whether female NYU students were treated more favorably than Plaintiff in the Title IX process goes beyond the charges filed or the severity of the sanction issued following a finding of responsibility.  While the spreadsheets provided by NYU contain general information about the charges and sanctions levied against the students in these cases, it does not contain any information regarding the facts of the cases.  NYU's employees have testified that the underlying facts of these cases cannot be determined by looking at the spreadsheets and that the facts would be contained in the case files.  Plaintiff is not seeking personally identifying information from the student case files and is willing to accept documents where PII is redacted and replaced with a pseudonym indicating gender (*i.e.*, "John Doe" for males and "Jane Roe" for females) where appropriate.  The underlying facts of these disciplinary proceedings are relevant to Plaintiff's selective enforcement claim and are solely within NYU's possession, custody, and control.  Accordingly, the Investigation Summary Reports, Hearing Decisions, and Appeal Decisions (where applicable) from the case files listed above must be produced.  *See Doe v. Syracuse Univ.*, N.D.N.Y. Civil Action No. 17-CV-00787 (TJM)(ATB), Docket Entry 55 (granting plaintiffs motion to compel the production of documents related to other gender-based misconduct proceedings after it was determined that a chart containing information was insufficient for the purposes of the selective enforcement claim); *see also Doe v. Loyola Univ. Chi.*, 2020 U.S. Dist. LEXIS 12289 (granting motion to compel data and documents within university's exclusive control).

Please let us know NYU's position on these issues as soon as possible so that we can determine whether a conference with Judge Woods is necessary.

Thanks,

James



James Figliozzi  ·  Counsel
Warshaw Burstein, LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022  ·  www.wbny.com
Direct Telephone:  212-984-7792  ·  Facsimile:  212-972-9150
E-Mail:  jfigliozzi@wbny.com



---

**From:** Pettit, Melissa <melissa.pettit@pillsburylaw.com>
**Sent:** Friday, February 18, 2022 5:35 PM
**To:** Lau, Kimberly <klau@wbny.com>; Figliozzi, James E. <jfigliozzi@wbny.com>

**Cc:** Metzler, Jeffrey P. <jeffrey.metzler@pillsburylaw.com>; Winograd, Max A. <max.winograd@pillsburylaw.com>
**Subject:** Plaintiff's Second Set of Interrogatories

Counsel,

Please see attached for NYU's Responses and Objections to Plaintiff's Second Set of Interrogatories. Also attached is NYU_00037031 with columns for legal sex and gender identity added by NYU. Gender information for NYU_00037051 and NYU_00036925 was emailed to you on Feb. 11, 2022. As previously noted, it is optional for students to list their gender identity so NYU does not have that information for all students. Any blanks in the legal sex and gender identity columns reflect information that NYU does not possess.

In an effort to avoid another round of correspondence regarding NYU's objections, we are providing below additional details on our objections with respect to the remaining spreadsheets in your list: NYU_00036926, NYU_00036936, NYU_00036961, NYU_00036978, NYU_00037007, NYU_00037023, and NYU_00037024 (the "Remaining Spreadsheets").

First, the Remaining Spreadsheets are not tailored to the needs of this case, making the exercise of adding gender data to them futile. For example, neither NYU_00036936 nor NYU_0036961 include aggregate data on Title IX, as is clear from the descriptions in the spreadsheets and the fact that the matters do not have complainants or respondents. NYU_0036936 includes data from only one school within NYU and for all disciplinary matters, most of which are unrelated to Title IX. Similarly, NYU_00036961 includes data on sanctions for all misconduct, most of which are unrelated to Title IX. These spreadsheets were not produced in response to Plaintiff's demand for reports relating to Title IX, but because each contains a reference to either John Doe or Jane Roe. To the extent either of these spreadsheets reference matters involving sexual misconduct, they list only one student involved and do not provide information on whether the student is the complainant or respondent. Therefore, gender data for these spreadsheets is of no use to Plaintiff.

Furthermore, many of the thousands of entries in NYU_00037023 and NYU_00037024 involve matters with only an initial outreach or matters that could not move forward for reasons outside of NYU's control. Gender data on such matters is of little to no relevance to Plaintiff's claims. Similarly, NYU_00036926, NYU_00036978, and NYU_00037007 only include data on intakes which, again, is at best of marginal relevance to this litigation. Finally, NYU_00037023 includes data from 2020 and NYU_00037007 includes data *only* from 2020, which is not a relevant time frame.

Meanwhile, the burden on NYU of adding the gender identity and/or legal sex for the thousands of entries on the Remaining Spreadsheets would be considerable. The student identification number ("N-number") must be determined for each complainant and respondent in every row of every spreadsheet through a manual review of the associated file. The N-number must then be cross-referenced against a separate database that contains students' legal sex and gender identity. Because the spreadsheets include thousands of entries, we estimate that this process would take at least sixty hours to complete, which is not proportional to the needs of the case. This is particularly true given that NYU has provided Plaintiff with gender information for NYU_00036925, NYU_00037051, and NYU_00037031 (which are the only reports requested by Plaintiff with data on adjudications), which makes the marginal relevance of the Remaining Spreadsheets nil.

Best,
Melissa


**Melissa Pettit** | Pillsbury Winthrop Shaw Pittman LLP
Associate
31 West 52nd Street | New York, NY 10019-6131
t +1.212.858.1284 | m +1.201.562.0295
melissa.pettit@pillsburylaw.com | pillsburylaw.com

AUSTIN  BEIJING  HONG KONG  HOUSTON  LONDON  LOS ANGELES  MIAMI
NASHVILLE  NEW YORK  NORTHERN VIRGINIA  PALM BEACH  SACRAMENTO
SAN DIEGO  SAN DIEGO NORTH COUNTY  SAN FRANCISCO  SHANGHAI
SILICON VALLEY  TAIPEI  TOKYO  WASHINGTON, DC



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Service Desk at Tel: 800-477-0770, Option 1, immediately by telephone and delete this message, along with any attachments, from your computer. Nothing in this message may be construed as a digital or electronic signature of any employee of Pillsbury Winthrop Shaw Pittman. Thank you.