**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **JOHN DOE,**<br><br>**Plaintiff,**<br>**v.**<br><br>**NEW YORK UNIVERSITY,**<br><br>**Defendant.** | Civil Action No.: 1:20-cv-01343(GHW)<br><br><br>**PLAINTIFF'S FIRST REQUEST**<br>**FOR THE PRODUCTION OF**<br>**DOCUMENTS** |

**PLEASE TAKE NOTICE** that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff John Doe ("Plaintiff"), by and through his attorneys Warshaw Burstein, LLP, hereby requests that Defendant, New York University ("NYU") produce and make available for inspection and copying the documents described herein which are in its possession, custody or control, within thirty (30) days:

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

1.      The definitions and rules of construction set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 are hereby incorporated by reference.

2.      In addition to the foregoing, the words "document" or "documents" include, but are not limited to, "e-mail" and other forms of electronic documents, communications and data compilations, as well as any and all written, taped, recorded or graphic matter however produced or reproduced (together with attachments and annotations thereto or thereon), agreements, contracts, tapes, recordings or other forms of mechanical reproduction, reports, studies, summaries, memoranda, calendar or diary entries, written notes, working papers, minutes, agendas, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules,

telegrams, teletypes, films, videotapes, photographs or negatives thereof, microfilms, microfiches, statutes, governmental or departmental orders or regulations, and any other documents  in your possession, custody or control, regardless of where located.

3.      "Amended Complaint" means Plaintiff's Amended Complaint dated June 1, 2020.

4.      "Communication" means the transmittal of information by any means, and shall mean and be deemed to refer to any writing or oral conversation, including, but not limited to, emails, Slack messages, internal instant messages, social media messages, text messages, telephone conversations, conversations in meetings, letters, memoranda, notes, telegraphic, and telex communications.

5.      "Person" means as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

6.      "Possession," "custody" or "control" includes the joint or several possession, custody or control not only by the person or persons to whom these requests are addressed, but also the joint or several possession, custody or control by each or any person acting or purporting to act on behalf of the person, whether as an employee, attorney, accountant, agent, sponsor, spokesperson or otherwise.

7.      All documents must be produced in their entirety, including all attachments and enclosures, and in their original folder, binder, or other cover or container unless that is not possible.  Whenever a document or group of documents is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label of such cover or other container must be attached to the document.

8.      If any document was, but is no longer, in the possession of the Defendant or subject to the control of the Defendant, state whether the document: (i) is missing or lost, (ii) has been

destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) is otherwise disposed of, and in each instance explain the circumstances of such disposition, and state the approximate date thereof.

9.      If Defendant objects or fails to respond to any of the following requests, state specifically the reason for the objection or failure to respond and produce documents responsive to that part of the request to which no objection is made.

10.     If any privilege or immunity is asserted with respect to any information or documents requested herein, state the claim expressly and describe the nature of the information or documents not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable Plaintiff to assess the claim.

11.     If there are no responsive documents to these requests, or any portion of these requests, state that fact in writing.

12.     All capitalized terms used herein shall have the same meaning as set forth in the Amended Complaint.

## DOCUMENT REQUESTS

1.      Copies of all documents identified in NYU's response to Plaintiff's First Set of Interrogatories.

2.      Copies of all communications identified in NYU's response to Plaintiff's First Set of Interrogatories.

3.      Copies of all documents identified in NYU's Rule 26 Initial Disclosures.

4.      Copies of all communications identified in NYU's Rule 26 Initial Disclosures.

5.      Complete copies of all insurance agreements of which NYU is a beneficiary and under which an insurance company may be liable to satisfy all or part of a possible judgment in

this action or to indemnify or reimburse NYU for payments made to satisfy a possible judgment in this matter, including, but not limited to, the insurance policy referenced in NYU's Rule 26 Initial Disclosures.

6.      All directory information (as defined in FERPA), including, without limitation, full name, address, e-mail address, telephone listing, photograph, date and place of birth, major field of study, participation in college activities and sports, dates of attendance, degrees and awards received, most recent previous educational institution attended, grade level and enrollment status for the following NYU students:

      a.   Supriya Khanna

      b.   Supriya Khan

7.      All documents and communications referring to the number and nature of Sexual Misconduct, Relationship Violence, and Stalking Policy violations reported to NYU from January 1, 2011 to present.

8.      For the reports identified in response to Item 7, all documents and communications referring to the number of cases adjudicated by a Title IX adjudicator in each year from January 1, 2011 to present.

9.      For the reports identified in response to Item 7, all documents and communications referring to the number of students found responsible and the types of sanctions levied in each year from January 1, 2011 to present.

10.      For the reports identified in response to Item 7, all documents and communications referring to the gender of the complainant and respondent in each year from January 1, 2011 to present.

11.     For the reports identified in response to Item 7, all documents and communications referring to the number of female students found responsible for violations of the Sexual Misconduct, Relationship Violence, and Stalking Policy, including the sanctions levied in each year from January 1, 2011 to present.

12.     All annual security reports containing campus crime statistics for NYU pursuant to the Jeanne Clery Act, 20 U.S.C.A. § 1092(f), from January 1, 2011 to present.

13.     NYU's Daily Crime Log for October 2016.

14.     NYU's Daily Crime Log for September 2016.

15.     All audio and/or video recordings of Plaintiff's hearing held on December 10, 2018.

16.     All transcripts of Plaintiff's hearing held on December 10, 2018.

17.     All documents and communications authored by or received by Craig Jolley which relate or refer to Jane Doe's disciplinary complaint against Plaintiff.

18.     All documents and communications authored by or received by Allen McFarlane, which relate or refer to Jane Doe's disciplinary complaint against Plaintiff.

19.     All documents and communications authored by or received by Mary Signor which relate or refer to Jane Doe's disciplinary complaint against Plaintiff.

20.     All documents and communications authored by or received by Samuel Hodge which relate or refer to Jane Doe's disciplinary complaint against Plaintiff.

21.     All documents and communications authored by or received by Colleen Maeder which relate or refer to Jane Doe's disciplinary complaint against Plaintiff.

22.     All documents and communications authored by or received by Lauren Stahl which relate or refer to Jane Doe's disciplinary complaint against Plaintiff.

23.     All documents and communications authored by or received by Christopher Bledsoe which relate or refer to Jane Doe's disciplinary complaint against Plaintiff.

24.     All documents and communications authored by or received by Thomas Ellett which relate or refer to Jane Doe's disciplinary complaint against Plaintiff.

25.     All documents and communications authored by or received by Leah Lattimore which relate or refer to Jane Doe's disciplinary complaint against Plaintiff.

26.     All documents and communications authored by or received by Christine Janick which relate or refer to Jane Doe's disciplinary complaint against Plaintiff

27.     All documents and communications authored by or received by Craig Jolley which relate or refer to Plaintiff's disciplinary complaint against Jane Doe.

28.     All documents and communications authored by or received by Allen McFarlane which relate or refer to Plaintiff's disciplinary complaint against Jane Doe.

29.     All documents and communications authored by or received by Mary Signor which relate or refer to Plaintiff's disciplinary complaint against Jane Doe.

30.     All documents and communications authored by or received by Samuel Hodge which relate or refer to Plaintiff's disciplinary complaint against Jane Doe.

31.     All documents and communications authored by or received by Colleen Maeder which relate or refer to Plaintiff's disciplinary complaint against Jane Doe.

32.     All documents and communications authored by or received by Lauren Stahl which relate or refer to Plaintiff's disciplinary complaint against Jane Doe.

33.     All documents and communications authored by or received by Christopher Bledsoe which relate or refer to Plaintiff's disciplinary complaint against Jane Doe.

34.     All documents and communications authored by or received by Thomas Ellett which relate or refer to Plaintiff's disciplinary complaint against Jane Doe.

35.     All documents and communications authored by, or received by Leah Lattimore which relate or refer to Plaintiff's disciplinary complaint against Jane Doe.

36.     All documents and communications authored by or received by Christine Janick which relate or refer to Plaintiff's disciplinary complaint against Jane Doe.

37.     All documents and communications authored by or received by any other NYU employee, excluding the employees/former employees listed above, that relate to or refer to Jane Doe's disciplinary complaint  against Plaintiff.

38.     All documents and communications authored by or received by any other NYU employee, excluding the employees/former employees listed above, that relate to or refer to Plaintiff's disciplinary complaint  against Jane Doe.

39.     All evidence including, but not limited to, all documents and communications, collected in relation to Jane Doe's disciplinary complaint against Plaintiff, whether relied upon by NYU or not in reaching any disciplinary decision.

40.     All evidence including, but not limited to, all documents and communications, collected in relation to Plaintiff's disciplinary complaint against Jane Doe, whether relied upon by NYU or not in reaching any disciplinary decision.

41.     All documents and communications relied upon by Craig Jolley to arrive at the December 18, 2017 finding that Plaintiff was "responsible" for Sexual Exploitation.

42.     All documents and communications relied upon by Craig Jolley to arrive at the December 18, 2017 finding that Plaintiff was "responsible" for Sexual Harassment, Stalking, and Violation of the No-Contact Directive.

43.     All documents and communications relied upon by Craig Jolley to arrive at the December 18, 2017 finding that Plaintiff was "not responsible" for Non-Consensual Sexual Contact.

44.     All documents and communications authored by or on behalf of Jane Doe which relate or refer to Jane Doe's disciplinary complaint against Plaintiff.

45.     All documents and communications authored by or on behalf of Jane Doe which relate or refer to Plaintiff's disciplinary complaint against Jane Doe.

46.     All documents and communications relating or referring to all witnesses interviewed during NYU's investigation of Jane Doe's disciplinary complaint against Plaintiff.

47.     All documents and communications relating or referring to all witnesses interviewed during NYU's investigation of Plaintiff's disciplinary complaint against Jane Doe.

48.     All documents and communications relating or referring to all witness interviews conducted during NYU's investigation of Jane Doe's disciplinary complaint against Plaintiff.

49.     All documents and communications relating or referring to all witness interviews conducted during NYU's investigation of Plaintiff's disciplinary complaint against Jane Doe.

50.     All documents and communications that formed the basis of Craig Jolley's determination of Jane Doe's credibility.

51.     All documents and communications that formed the basis of Craig Jolley's determination of Plaintiff's credibility.

52.     All documents and communications relied upon by NYU in determining the Sanctions issued to Plaintiff.

53.     All documents and communications relied upon by NYU in drafting the Sexual Misconduct Hearing Summary and Decision.

54.     All documents and communications related or referring to Plaintiff's Appeal of the Sexual Misconduct Summary and Decision.

55.     All documents and communications authored by or received by the Appellate Panel members which relate or refer to Jane Doe's disciplinary complaint against Plaintiff.

56.     All documents and communications authored by or received by the Appellate Panel members which relate or refer to Plaintiff's disciplinary complain against Jane Doe.

57.     All documents and communications relied upon by the Appellate Panel in deciding Plaintiff's Appeal.

58.     All documents and communications relating or referring to the Appellate Panel's determination of Plaintiff's Appeal.

59.     All documents and communications related to NYU's Title IX training from January 1, 2011 to present.

60.     All Title IX training materials utilized to instruct NYU faculty members, staff, and other employees from January 1, 2011 to present.

61.     All documents and communications related to Title IX training provided to Craig Jolley prior to December 10, 2018.

62.     All documents and communications related to Title IX complaints made by Jane Doe other than the disciplinary complaint that Jane Doe made against Plaintiff.

63.     Plaintiff's academic transcript.

64.     All receipts for tuition fees paid by Plaintiff.

65.     All documents and communications that will be used to support NYU's First Affirmative Defense.

66.     All documents and communications that will be used to support NYU's Second Affirmative Defense.

67.     All documents and communications that will be used to support NYU's Third Affirmative Defense.

68.     All documents and communications that will be used to support NYU's Fourth Affirmative Defense.

69.     All documents and communications that will be used to support NYU's Fifth Affirmative Defense.

70.     All documents and communications that will be used to support NYU's Sixth Affirmative Defense.

71.     All documents and communications that will be used to support NYU's Seventh Affirmative Defense.

72.     All documents and communications that will be used to support NYU's Eight Affirmative Defense.

73.     All documents and communications that will be used to support NYU's Ninth Affirmative Defense.

74.     All documents and communications that will be used to support NYU's Tenth Affirmative Defense.

75.     All documents and communications that will be used to support NYU's Eleventh Affirmative Defense.

76.     All documents and communications that will be used to support NYU's Twelfth Affirmative Defense.

Dated: New York, New York
      June 11, 2021

                  **WARSHAW BURSTEIN, LLP**
                   *Attorneys for Plaintiff*

By: _____
                   Kimberly C. Lau
                   James E. Figliozzi
               575 Lexington Avenue
               New York, New York 10022
               (212) 984-7700
               klau@wbny.com
               jfigliozzi@wbny.com

**TO:**    Jeffrey P. Metzler
        Melissa S. Pettit
        **PILLSBURY WINTHROP SHAW PITTMAN LLP**
        *Attorneys for Defendant*
        31 West 52nd Street
        New York, New York 10019
        (212) 858-1153
        jeffrey.metzler@pillsburylaw.com
        melissa.pettit@pillsburylaw.com