

| | |
|---|---|
| Warshaw Burstein, LLP | Kimberly C. Lau |
| 575 Lexington Avenue | Partner |
| New York, NY  10022 | (212) 984-7709 |
| (212) 984-7700 | klau@wbny.com |

August 8, 2022

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, New York 10007

> **Re:** *Doe v. New York University*, **1:20-cv-01343-GHW**
> <u>Response to Defendant's August 8, 2022 Letter</u>

Dear Judge Woods:

I write in response to Defendant's August 8, 2022 letter regarding the line spacing used in Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Dkt. 99) ("Opposition Brief").  For the reasons set forth below, Plaintiff believes the "exactly 24-point" line spacing used in Plaintiff's Opposition Brief fully complies with all applicable local and individual rules.  If Plaintiff's position is not consistent with the Court's understanding of Local Rule 11.1(b)(3), Plaintiff respectfully requests permission to file a memorandum of law in opposition to Defendant's motion for summary judgment in excess of the page limit permitted under Your Honor's Individual Rule 3(A).

Local Rule 11.1(b)(3) requires that for all written motions and other papers, "all text must be 12-point type or larger" and that "all text must be double-spaced, except for headings, text in footnotes, or block quotations, which may be single-spaced."  Similarly, Your Honor's Individual Rule 3(A). states that "memoranda of law in support of and in opposition to motions are limited to 25 pages."  There is no reference to any spacing requirements in Your Honor's Individual Rules of Practice in Civil Cases, so Plaintiff believes Local Rule 11.1(b)(3) controls.  Local Rule 11.1(b)(3) does not elaborate on what is meant by "double-spaced," nor does Local Rule 11.1(b)(3) specify a maximum allowable lines per page.

Other jurisdictions, however, have recognized spacing which results in 27 or 28 lines per page – equal to or exceeding the 27 lines per page of substantive text (*i.e.*, not including section titles) resulting from Plaintiff's use of exactly 24-point spacing – as compliant with rules requiring "double-spacing."  For example, Central District of California Local Rule 11-3.2

requires documents to be formatted with "not more than 28 lines per page" which it describes as "double-spaced." The Central District of California is no outlier; other jurisdictions *consistently* define "double spacing" as permitting 26 or more lines per page. *See, e.g., Knight v. Evans*, No. C 06-0887, 2008 U.S. Dist. LEXIS 100519, at *24 (N.D. Cal. Dec. 10, 2008) (citing requirement that papers filed "must be double-spaced with no more than 28 lines per page"); *Barnard v. Rowland*, 512 S.E.2d 458, 462 (N.C. Ct. App. 1999) ("[A] brief may not contain more than . . . twenty-seven (27) lines of double-spaced text per page."); *Cooper Distrib. Co. v. Amana Refrigeration*, 63 F.3d 262, 285 n.31 (3d Cir. 1995) (describing a brief with excessive footnotes as containing pages with "more than the 27 lines of double-spaced text permissible"); *United States v. Fraley*, No. 92-1347, 1993 U.S. App. LEXIS 38399, at *2 n.3 (5th Cir. Nov. 3, 1993) (describing rule requiring double-spaced text as allowing no more than "27 lines"); *EDC, Inc. v. Navistar Int'l Transp. Corp.*, 915 F.2d 1082, 1083 (7th Cir. 1990) (explaining that typeface complaint with the applicable rule requiring double-spacing "produces only 27 or 28" lines per page).

Similarly, *Typography for Lawyers*, the leading treatise on the topic, explains:

> Most courts adopted their line-spacing standards in the typewriter era. That's why court rules usually call for double-spaced lines. On a typewriter, each line is the height of the font, thus double spacing means twice the font size. ***So if you're required to use a 12-point font, double line spacing means 24 points.***
>
> Curiously, the so-called 'double' line-spacing option in your word processor doesn't produce true double line spacing. Microsoft Word's 'double' spacing, for instance, is about 15% looser, and it varies depending on the font. *To get accurate spacing, you should always set it yourself, exactly*.

Matthew Butterick, *Typography for Lawyers* (2d ed. 2015) (emphasis added) (https://typographyforlawyers.com/line-spacing.html).[1]

The exactly 24-point spacing utilized in Plaintiff's Opposition Brief is exactly double the 12-point font utilized. Based upon Plaintiff's understanding of Local Rule 11.1(b)(3), this 24-point spacing complies with the requirement that all memoranda of law be double-spaced. Indeed, at least one Federal Court has explicitly recognized that, when documents are presented in 12-point font, 24-point spacing is equivalent to double spacing. *See Sameer v. Khera*, No. 17 Civ. 1748, 2018 U.S. Dist. LEXIS 120110, at *4 (E.D. Cal. July 17, 2018) (documents must be in 12-point font and "must be double-spaced meaning, at minimum, 24-point *line spacing*") (emphasis in original). Because different word processing programs utilize different spacing, and that even Microsoft has changed its default line-spacing convention over time,[2] Plaintiff

---

[1] NYU's letter incorrectly states that Plaintiff's Opposition contains approximately 2,800 more words than its Memorandum of Law in Support of its Motion for Summary Judgment. (ECF No. 104 at 2). Based on Microsoft Word's word count tool, it is only approximately 2,250 words more.

[2] *See* The New Document Look, https://docs.microsoft.com/en-us/archive/blogs/joe_friend/the-newdocument-look (regarding changes to Word 2007) ("We . . . added a bit of space between each line within the paragraph. Though some folks have described this as 'double-spaced,' it is actually 115% of the line height

believes that Microsoft's default "double-spacing" is not the controlling definition for "double-spacing" under Local Rule 11.1(b)(3).

While NYU seeks to have Plaintiff's Opposition stricken, none of the cases cited by NYU support such a sanction. *See CafeX Commc'ns, Inc. v. Amazon Web Servs.*, 1:17-cv-01349-VM-KNF, ECF No. 43 (S.D.N.Y. Mar. 30, 2017) (ordering Amazon to replace its memorandum with a compliant memorandum); *see also Al-Ahmed v. Twitter, Inc.*, 553 F. Supp. 3d 118, 123 n.3 (S.D.N.Y. 2021) (declining to sanction Plaintiff); *Zuckerman v. GW Acquisition LLC*, No. 20-CV-8742 (VEC), 2021 WL 4267815, at *3 n.2 (S.D.N.Y. Sept. 20, 2021) (same). To the extent Plaintiff's use of 24-point line spacing gave him more room to make his arguments while still complying with the Court's page limitations, there is no prejudice to Defendant because NYU may avail itself of the same benefit: NYU may use 24-point line spacing for its Reply Memorandum. *In re Epipen Epinephrine Injection*, No. MDL No: 2785, 2020 U.S. Dist. LEXIS 133290, at *35-36 (D. Kan. July 28, 2020) (emphasis added; citation omitted).

It is Plaintiff's position that both 24-point spacing and Microsoft Word's 'double' spacing comply with Local Rule 11.1(b)(3). If Plaintiff's position is not consistent with the Court's understanding of Local Rule 11.1(b)(3), Plaintiff respectfully requests permission to file a memorandum of law in opposition to Defendant's motion for summary judgment in excess of the page limit permitted under Your Honor's Individual Rule 3(A). Specifically, Plaintiff requests five additional pages for filing his Opposition. As stated in Plaintiff's August 5, 2022 Letter to Defendant's Counsel, Plaintiff would not object to NYU's use of three additional pages in Defendant's Reply Memorandum. (Def. Ex. 2).

Respectfully submitted,

By: _____
**Kimberly C. Lau, Esq.**

cc: Jeffrey P. Metzler (*via* CM/ECF)
 Max Winograd (*via* CM/ECF)
 Melissa Pettit (*via* CM/ECF)

---

(double-spaced would be 200%).").

{1502190.1 }